UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ISAIAH FISHER, )
)
    Petitioner )
)
  vs. ) CAUSE NO. 3:16-CV-197 RLM
) (Arising out of 3:15-CR-39 RLM)
UNITED STATES OF AMERICA, )
)
    Respondent )

OPINION and ORDER

Isaiah Fisher pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced to a term of 188 months' imprisonment. Mr. Fisher is now before the court requesting that his sentence be vacated, set aside, or corrected under 28 U.S.C. § 2255 [Doc. No. 46].

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After reviewing the record in this case, the court finds that Mr. Fisher's motion can be resolved without a hearing, *see* Bruce v. United States, 256

F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

The plea agreement was signed by Mr. Fisher, his attorney David Weisman, and Assistant United States William Grimmer and contained the following language in paragraph 9(h):

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence withing the statutory maximum set for my offense as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255....

[Doc. No. 23].

Mr. Fisher also acknowledged that he: (1) understood the court would "determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level...[and] career offender status..."; (2) believed his attorney "ha[d] done all that anyone could do to counsel and assist [him]"; and (3) offered his plea "freely and voluntarily and of [his] own accord". [Doc. No. 23, ¶¶ 9(d), 11, and 12].

Mr. Fisher is now before the court seeking post-conviction relief under 28 U.S.C. § 2255. He contends that his prior convictions for burglary and robbery

2

didn't qualify as crimes of violence under Johnson v. United States, 135 S. Ct. 2551 (2015), and that his attorney provided ineffective assistance when he failed to object to the enhancement of his sentence under the career offender guideline, U.S.S.G. § 4B1.1.

A plea agreement containing a waiver of the right to appeal and to file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Fisher doesn't contend that his attorney was ineffective in negotiating the plea, that he wouldn't have pleaded guilty but for counsel's allegedly deficient performance, or that his guilty plea was anything other than "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). He simply wants a lower sentence — one that isn't enhanced under U.S.S.G. § 4B1.1, but affords him the benefits of other provisions in the agreement.

The Supreme Court held in Johnson that the residual clause of the Armed Career Criminal Act, which defines a "crime of violence" as any offense that "involves conduct that presents a serious potential risk of physical injury to another", was unconstitutionally vague. Johnson v. United States, 135 S.Ct. 2551 (2015). But Johnson was decided before Mr. Fisher entered his plea and was sentenced, so the waiver in his plea agreement is enforceable. *See* Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008). Even if it weren't, Mr. Fisher isn't entitled to the relief he seeks.

> To prevail on [an] ineffective assistance claim, [Mr. Fisher] must demonstrate that [his] counsel's performance fell below an objective standard of reasonableness, and that "the [alleged] deficient performance prejudiced the defense."

Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). To show prejudice, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694; Jones v. Page, 76 F.3d at 840. "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [the defendant] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002). Mr. Fisher hasn't met that burden. He hasn't identified evidence that would have created a reasonable probability of a different outcome, or outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable.

4

Mr. Fisher's career offender enhancement wasn't based on the residual clause in U.S.S.G. § 4B1.2(a)(2), but on Mr. Fisher's prior felony convictions for burglary, IND. CODE § 35-43-2-1, and bank robbery by force or violence, 18 U.S.C. § 2113(a) and (d). The latter is a "crime of violence" under U.S.S.G. 4B1.2(a)(1) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." The former is one of the offenses designated as a crime of violence under U.S.S.G. 4B1.2(a)(2). For purposes of a career offender enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), the Supreme Court has defined burglary to include "any crime . . . having the basic element of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). Mr. Fisher's conviction for felony burglary under IND. CODE § 35-43-2-1 satisfies that requirement. *See* Dawkins v. United States, 809 F.3d 953, 954-56 (7th Cir. 2016).

Mr. Fisher knowingly and voluntarily waived his right to contest his conviction and sentence and the manner in which they were determined, and, for the reasons stated, can't prevail on his claim that counsel provided ineffective assistance at sentencing. Accordingly, the motion to vacate his sentence under 28 U.S.C. § 2255 [Doc. No. 46] is DISMISSED.

SO ORDERED.

ENTERED:   May 4, 2016

/s/ Robert L. Miller, Jr.  
Judge, United States District Court

cc:    I. Fisher  
        AUSA Grimmer